**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Greenbelt Division)

**IVORY BRADLEY WEST,**
    Plaintiff,

v.

**UNITED STATES OF AMERICA,**
    Defendant.

Civil Action No. _____ PX 26 CV 2 9 4 8

**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**
(Medical Malpractice -- Burn Injuries)

*NOTE: Pursuant to 28 U.S.C. Section 2402, this action is triable to the Court without a jury.*

**Statement of Claim**

Plaintiff Ivory Bradley West brings this action against the United States of America under the Federal Tort Claims Act (FTCA), 28 U.S.C. Sections 1346(b) and 2671-2680, for injuries sustained as a direct and proximate result of negligent medical treatment rendered by employees of Walter Reed National Military Medical Center (WRNMMC), a federal facility operated by the United States Department of Defense. On or about February 17, 2023, clinical personnel at WRNMMC's Dermatology Department administered a laser hair removal procedure using the wrong laser device and incorrect settings for Plaintiff's skin type, causing second- to third-degree burns, permanent scarring, and loss of sensation to the anterior neck area.

**I. The Parties to This Complaint**

**1.** Plaintiff **Ivory Bradley West** is an individual residing at 9165 Balsam Run, Bel Alton MD 20611, who at all relevant times received medical care at Walter Reed National Military Medical Center, 8901 Wisconsin Avenue, Bethesda, Maryland 20889.

**2.** Defendant **United States of America** is the sovereign defendant amenable to suit under the FTCA. At all times relevant herein, employees of WRNMMC acted within the course and scope of their employment with the United States Department of Defense, a federal agency.

**II. JURISDICTION AND VENUE**

**3.** This Court has subject-matter jurisdiction pursuant to 28 U.S.C. Section 1346(b)(1), which grants U.S. District Courts exclusive jurisdiction over civil actions against the United

11. Plaintiff has incurred and continues to incur medical expenses and costs for treatment of the burn injuries and resultant conditions, and other economic and non-economic damages proximately caused by the negligence of Defendant's employees.

12. Plaintiff's injuries have caused and continue to cause significant interference with Plaintiff's daily activities, ability to work, and overall quality of life.

## IV. Cause Of Action

## COUNT I -- MEDICAL MALPRACTICE / NEGLIGENCE

13. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

14. At all relevant times, the clinicians and medical personnel at WRNMMC who performed and supervised the laser hair removal procedure were employees of the United States of America, acting within the course and scope of their federal employment.

15. Defendant, through its employees, owed Plaintiff a duty to provide medical treatment consistent with the applicable standard of care for similarly situated patients, including the duty to select the appropriate laser device and settings for Plaintiff's skin type.

16. Defendant, through its employees, breached the applicable standard of care in one or more of the following respects:
(a) Selecting and using an Alexandrite 755nm laser contraindicated for Plaintiff's skin phototype;
(b) Failing to properly assess Plaintiff's skin phototype prior to administering the procedure;
(c) Failing to use the Nd:YAG 1064nm laser as required by the standard of care for patients with Plaintiff's skin type;
(d) Failing to apply appropriate laser settings (fluence, pulse duration, and spot size) for Plaintiff's skin phototype;
(e) Failing to adequately monitor Plaintiff's skin response during the procedure and take corrective action;
(f) Failing to obtain adequate informed consent from Plaintiff regarding the specific risks of using the Alexandrite laser on her skin type; and
(g) Such other acts and omissions as may be revealed through discovery.

17. As a direct and proximate result of Defendant's negligence and breach of the standard of care, Plaintiff suffered the injuries and damages described herein.

18. Under Maryland law -- applicable pursuant to 28 U.S.C. Section 1346(b)(1) -- Defendant is liable for all damages caused by the negligence of its employees, including past and future medical expenses, pain and suffering, emotional distress, loss of enjoyment of life, permanent scarring and disfigurement, and all other compensable damages.

## V. RELIEF

States for money damages arising from personal injury caused by the negligent or wrongful acts or omissions of federal employees acting within the scope of their office or employment.

4. The agency denied the claim on 1 April 2026 / More than six (6) months have elapsed since presentment without final disposition by the agency.] Plaintiff is therefore entitled to bring this civil action.

5. Venue is proper in this District pursuant to 28 U.S.C. Section 1402(b) because the acts and omissions giving rise to Plaintiff's claims occurred at Walter Reed National Military Medical Center, located in Bethesda, Maryland, within the District of Maryland.

## III. Factual Allegations

### A. Background and the Procedure

6. On or about February 17, 2023, Plaintiff Ivory Bradley West presented at the Dermatology Department at Walter Reed National Military Medical Center for an elective laser hair removal procedure to the anterior neck area.

7. Plaintiff's skin phototype requires a specific laser wavelength to minimize the risk of thermal injury. The accepted standard of care for patients with darker skin phototypes mandates the use of an Nd:YAG 1064nm laser, which has a longer wavelength that reduces melanin absorption in the epidermis and the associated risk of burns.

8. Upon information and belief, the treating clinicians at WRNMMC, including but not limited to the providers identified in Plaintiff's medical records as Dr. Pitman and Dr. Logemann, administered the laser hair removal procedure using an Alexandrite 755nm laser rather than the clinically indicated Nd:YAG 1064nm laser.

9. The Alexandrite 755nm laser has a shorter wavelength that is preferentially absorbed by melanin and is contraindicated, or requires extreme caution and modified settings, for patients with darker skin phototypes due to the significant risk of epidermal damage and thermal burns.

### B. Injuries Sustained

10. As a direct and proximate result of the use of the incorrect laser and/or incorrect laser settings, Plaintiff sustained severe thermal injuries to the anterior neck area, including:
   (a) Second- to third-degree burns to the anterior neck;
   (b) Permanent scarring and disfigurement;
   (c) Loss of sensation to the affected area of the anterior neck;
   (d) Severe physical pain and suffering, both acute and ongoing;
   (e) Severe emotional distress, anxiety, and mental anguish; and
   (f) Other injuries as may be further revealed through discovery.

WHEREFORE, Plaintiff Ivory Bradley West respectfully requests that this Court enter judgment in his favor against the United States of America and award:

A.  Compensatory damages for past and future medical expenses, permanent scarring, and loss of sensation, in an amount not less than $100,000 AMOUNT AS STATED IN SF-95 ADMINISTRATIVE CLAIM or as proven at trial;

B.  Compensatory damages for loss of enjoyment of life and diminished quality of life;

C.  Pre-judgment and post-judgment interest as permitted by applicable law;

D.  Costs of suit

E.  Such other and further relief as this Court deems just and equitable.


## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result
in the dismissal of my case.

Date of signing: 29 June 2026

Signature of Plaintiff

Printed Name of Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of June 2026, a copy of the foregoing Complaint was served upon:

**United States Attorney for the District of Maryland**
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201

**Attorney General of the United States**
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Ivory B West
9145 Balsam Run
Bel Alton md 20611

_____
[ATTORNEY NAME]